UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:15-CV-00001-GNS

DR. ROGER L. CORY                                                                                          APPELLANT

V.

ROBERT W. LEASURE,
CHAPTER 11 TRUSTEE                                                                                         APPELLEE

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Appellee's Motion to Dismiss Appeal (DN 7) and Motion Seeking Judicial Notice and Supplementation of the Record on Appeal (DN 12). Appellant Dr. Roger L. Cory ("Cory") has responded to both motions, and the motions are ripe for a decision. For the reasons outlined below, the motion to dismiss is **GRANTED**, and the motion seeking judicial notice and supplementation of the record on appeal is **DENIED AS MOOT**.

### I.     BACKGROUND AND CLAIMS[1]

This appeal relates to a contentious bankruptcy proceeding that was pending in the U.S. Bankruptcy Court for the Western District of Kentucky. Appellee Robert Leasure is the court-appointed Chapter 11 trustee ("Trustee") for the debtors in the bankruptcy proceedings below:

---

[1] An abbreviated view of the underlying bankruptcy actions and the related lawsuit in this Court is provided below. A more thorough recitation of the underlying actions is set forth in this Court's opinion in *Cory v. Leasure*, 491 B.R. 476 (W.D. Ky. 2013), *aff'd*, No. 13-5612 (6th Cir. June 18, 2014). In addition, there have been other appeals relating to the underlying bankruptcy actions. *See Northcutt v. Leasure*, No. 1:13-CV-00025-JHM, 2013 WL 2458709 (W.D. Ky. June 6, 2013); *Clearview Energy, LLC v. Mammoth Res. Partners, Inc.*, 491 B.R. 489 (W.D. Ky. 2013).

1

Mammoth Resource Partners, Inc. ("MRP"); Mammoth Field Services, Inc.; and Mammoth Resources, LLC (collectively "Debtors"). Cory is a shareholder of the Debtors.

On October 2, 2007, a group of fifteen plaintiffs[2] (collectively "Bennett Plaintiffs") filed a lawsuit in this Court styled *Paul Daniel Bennett, et al. v. Mammoth Resources Partners, Inc. et al.*, No. 1:07-CV-168-JHM, against the Debtors and eight partnerships managed by MRP. Bennett Plaintiffs asserted sixteen causes of action including: violations of the Securities Act of 1933; violations of the Securities Exchange Act of 1934; violations of the Kentucky Securities Act; fraud; breach of fiduciary duty; and breach of contract. Bennett Plaintiffs also alleged that Cory was a "controlling person" of other defendants under the Securities Act of 1933 and the Kentucky Securities Act. On September 8, 2010, Debtors filed Chapter 11 bankruptcy petitions in the Bankruptcy Court.[3] On October 28, 2010, this Court transferred the Bennett lawsuit to the Bankruptcy Court, which docketed the case as an adversary proceeding styled *Paul Daniel Bennett et al. v. Mammoth Resource Partners, Inc.*, No. 10-1055 (Bankr. W.D. Ky.).

On May 15, 2012, the Trustee initiated an adversary proceeding in which it asserted various claims against Cory.[4] In that action, the Trustee sought to recover various sums due to MRP from Cory. On May 31, 2013, various parties—including Debtors and Cory—entered into a settlement agreement ("Settlement Agreement") resolving all claims relating to the adversary

---

[2] The "Bennett Plaintiffs" include: Paul Daniel Bennett; Chris Endersby; Excellent Properties, LLC; Peniel Enterprises, Inc.; Richard A. Persson; Andrew V. Podray; R&S Ogee Ventures, LLC; Calvin L. Ryberg; H. Carl Ryberg; Carol Jean Glenn Ryberg; Mark and Christy Siebert; Jeff Wilson; and 2R Ogee Ventures, LLC.

[3] The associated case numbers for each Debtor are as follows: MRP, No. 10-11377; Mammoth Resource, LLC, No. 10-11380; and Mammoth Field Services, Inc., No. 10-11378. On September 9, 2010, the Bankruptcy Court consolidated those cases under MRP's petition for procedural purposes and joint administration. (*In re Mammoth Resource Partners, Inc.*, No. 10-11377 (Bankr. W.D. Ky.), DN 6-7).

[4] *Leasure v. Cory*, No. 12-01020-jal (Bankr. W.D. Ky.).

2

proceeding initiated against Cory and others.[5]  (Appellee's Mot. to Dismiss Ex., DN 7-2).  The Trustee and Cory disagreed as to whether certain claims initiated against Cory would be dischargeable in his bankruptcy proceeding.  (Appellee's Mot. to Dismiss Ex.).  Under the Settlement Agreement, Cory voluntarily relinquished certain property rights and interests in exchange for the Trustee's release of all further claims against Cory.  (Appellee's Mot. to Dismiss Ex.).  On June 25, 2013, the Bankruptcy Court approved the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.  (DN 7-2).

On November 26, 2014, Cory initiated this appeal to "set aside the Order of the Bankruptcy Court [Bankruptcy Docket No. 844] and void the settlement release agreement by showing the Appellant was induced to grant the release by fraud, and/or undue influence." (Appellant's Objection to Mot. to Dismiss Appeal 1).

## II. JURISDICTION

Under 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court."  28 U.S.C. § 158(a).

## III. STANDARD OF REVIEW

On appeal, this Court reviews the bankruptcy court's findings of fact under the clearly erroneous standard but applies the *de novo* standard to any conclusions of law.  *See In re Isaacman*, 26 F.3d 629, 631 (6th Cir. 1994).

---

[5]  Subsequently, on August 20, 2012, Cory filed a Chapter 7 bankruptcy petition in the Bankruptcy Court.  *See In re Cory*, No. 12-11135 (Bankr. W.D. Ky.).  On July 29, 2013, the Bankruptcy Court granted a discharge to Cory under 11 U.S.C. § 727.

3

### III.    DISCUSSION

**A.    <u>Appellee's Motion to Dismiss</u>**

The Trustee seeks to dismiss this appeal on the basis that it is barred by the terms of the Settlement Agreement signed by Cory and approved by the bankruptcy court. Under the terms of the Settlement Agreement, it is governed by Kentucky law. (Appellee's Mot. to Dismiss Ex., DN 7-2).

As the Kentucky Supreme Court has noted in analyzing contracts:

> As with contracts generally, the courts must look to the language of the release to determine the parties' intentions. When no ambiguity exists in the contract, we look only as far as the four corners of the document to determine that intent. "The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms."

*Abney v. Nationwide Mut. Ins. Co.*, 215 S.W.3d 699, 703 (Ky. 2006) (citations omitted). "The validity and scope of a release is determined by the intent of the parties, which must be gathered from the terms of the release in light of the particular facts and circumstances." *Liggons v. House & Assocs. Ins.*, 3 S.W.3d 363, 364-65 (Ky. App. 1999) (citation omitted).

Paragraph 4 of the Settlement Agreement states as follows:

> **RELEASE BY CORY.** Effective upon the Court's Approval Cory hereby fully, finally and forever releases, remises, acquits and forever discharges the Trustee, his attorneys, consultants and agents, the Debtors and the Partnerships from any and all claims, known or unknown, which Cory has or may have against them, including, without limitation, any and all claims arising from, under or with respect to, any of the matters related in any way to the Mammoth Bankruptcy and its assets, the Partnerships and their assets, the Cory Bankruptcy and the matters stipulated to in the Recitals.

(Appellee's Mot. to Dismiss Ex.). By the express terms of the Settlement Agreement, Cory clearly and absolutely waived any and all claims against the Trustee. In his response to the present motion, Cory states that "Appellant filed the instant appeal for the benefit of legal creditors to the bankruptcy estate and to bring to light what is believed to be criminal activity on

4

the part of Robert W. Leasure the appointed trustee in the Mammoth Resource Partners, Inc. consolidated Chapter 11 bankruptcy case." (Appellant's Mem. in Supp. of Objection to Mot. to Dismiss Appeal 4, DN 9). Thus, this appeal directly relates to claims that would be encompassed by the release that Cory signed.

In his objection to the motion, Cory argues that the Settlement Agreement should not be enforced due to fraud, undue influence, and duress.[6] Under Kentucky law, "a release without duress, fraud, or bad faith, is effective to waive a plaintiff's right to bring a claim, whether statutory or otherwise." *Humana, Inc. v. Blose*, 247 S.W.3d 892, 896 (Ky. 2008) (citation omitted).

To prove that he was fraudulently induced into executing the Settlement Agreement, Cory must "establish six elements of fraud by clear and convincing evidence as follows: (a) material representation (b) which is false (c) known to be false or made recklessly (d) made with inducement to be acted upon (e) acted in reliance thereon and (f) causing injury." *United Parcel Serv. Co., v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) (citation omitted). Cory alleges that the Trustee engaged in numerous acts of fraud, which occurred prior to the execution of the Settlement Agreement. (Appellant's Mem. in Supp. of Objection to Mot. to Dismiss 5-9). Because those events were unrelated to the execution of the Settlement Agreement, Cory cannot prove that he was fraudulently induced into executing the agreement. In addition, by executing the release, Cory waived any such fraud claim by the Trustee predating the Settlement Agreement.

---

[6] Cory does not appear to have challenged the validity of the Settlement Agreement before the Bankruptcy Court and appears to be raising the challenge for the first time on appeal, which is not permitted. *See MaddenSewell LLP v. Mandel*, 498 B.R. 727, 729 (E.D. Tex. 2013) ("Arguments not raised with the bankruptcy court cannot be pursued in an appeal of a bankruptcy court's order." (citation omitted)).

The Court is also unpersuaded by Cory's argument that undue influence or duress invalidates the Settlement Agreement. Under Kentucky law:

> It is well-established that undue influence must be of sufficient force to destroy the free agency of the grantor and to constrain him to do, against his will, that which he would otherwise have refused to do. Proof of undue influence must amount to more than a bare showing that the opportunity for its imposition existed.

*Mays v. Porter*, 398 S.W.3d 454, 458 (Ky. App. 2013) (citation omitted). With respect to the allegations of duress, the Kentucky Court of Appeals has noted:

> While [financial] [difficulties] may tend to make one more susceptible to duress, of themselves they are insufficient to constitute civil duress. For actionable civil duress to have occurred, there must be "an actual or threatened violation or restraint on a man's person, contrary to law, to compel him to enter into a contract or to discharge one."

*Boatwright v. Walker*, 715 S.W.2d 237, 243 (Ky. App. 1986) (citation omitted).

As outlined in his response, the purported undue influence and duress relate to Cory's financial difficulties at the time he executed the Settlement Agreement. (Appellant's Mem. in Supp. of Objection to Mot. to Dismiss 2, 9-10). Those circumstances, however, are not proof of any undue influence or duress. Rather, Cory has apparent remorse for executing the release, but his remorse is not a legal basis for invalidating the Settlement Agreement and his release of any claims against the Trustee.

For these reasons, Cory has failed to identify any legal basis to invalidate the Settlement Agreement, which includes the waiver of the claims that Cory is now seeking to pursue in the present appeal. Accordingly, the Court will grant the motion to dismiss.

**B.** **Appellee's Motion for Judicial Notice and Supplementation of Record on Appeal**

The Trustee has also filed a Motion for Judicial Notice and Supplementation of Record on Appeal (DN 12). Because the Court is dismissing the appeal, it is unnecessary to address this motion. Accordingly, this motion is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Appellee's Motion to Dismiss (DN 7) is **GRANTED**, and Appellee's Motion for Judicial Notice and Supplementation of Record on Appeal (DN 12) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
July 14, 2015

cc: counsel of record
Roger Cory, *pro se*